1  KATHLEEN E. FINNERTY, State Bar No. 157638
   SCOTT M. PLAMONDON, State Bar No. 212294
2  LIVINGSTON & MATTESICH LAW CORPORATION
   1201 K Street, Suite 1100
3  Sacramento, CA 95814-3938
   (916) 442-1111
4  (916) 448-1709 Fax

5  Attorneys for Defendant
   Nancy H. Weres

6

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  OLEH WERES,                    )  Case No. C 03 2738 JCS
                                   )
12        Plaintiff,               )  **MEMORANDUM OF POINTS AND**
                                   )  **AUTHORITIES IN SUPPORT OF**
13  v.                             )  **DEFENDANT NANCY H. WERES'**
                                   )  **MOTION TO DISMISS**
14  NANCY H. WERES,                )
                                   )  **[F.R.C.P. Rules 12(b)(1),(6)]**
15        Defendant.               )
    _____    )  Date:      September 26, 2003
16                                 )  Time:      9:30 a.m.
                                      Ctrm.:     A, 15th Floor
17                                    Before:    The Hon. Joseph C. Spero

18

19                                I.

20                         **INTRODUCTION**

21        Plaintiff Oleh Weres ("Mr. Weres" or "plaintiff") and defendant Nancy Weres

22  ("Ms. Weres" or "defendant") separated in 1996 and divorced in 1998.  (Declaration of Nancy

23  Weres (hereinafter "Weres Decl.") at ¶ 1.)  The disposition of several patents and patent

24  applications (the "patents") prosecuted by Mr. Weres during the marriage was adjudicated by

25  the Family Law Division of the Superior Court of California, County of Napa (the "Napa

26  Court")[1].  The Napa Court determined that the patents were a community property asset, and

27  _____

28  [1]   A request for this Court to take judicial notice of this action is filed concurrently with this
          motion (the "Napa Judgment").

1    rendered a judgment declaring that Mr. Weres and Ms. Weres were each owners of an

2    undivided one-half (1/2) interest as tenants-in-common in all rights, title, and interest in the

3    patents. (Weres Decl. at ¶ 3.)

4        Following the judgment in Napa Court, Mr. Weres continued to refuse to permit

5    Ms. Weres to participate in key decisions regarding the licensing of the patented technology,

6    and has otherwise deprived her of her rights as a tenant-in-common in the patents. (Weres

7    Decl. at ¶ 4.) Because of this, Ms. Weres made demands on Mr. Weres to comply with the

8    Napa Court's order. (Weres Decl. at ¶ 5.) Apparently dissatisfied with the Napa Court's

9    decision, and unhappy with Ms. Weres' demands that he abide by it, Mr. Weres has brought

10    the present specious action.

11                             **II.**

12                    **ARGUMENT**

13    **A.      A MOTION TO DISMISS SHALL BE GRANTED WHERE THE COURT**
             **LACKS JURISDICTION OR WHERE THE PLAINTIFF HAS FAILED TO**
14              **STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

15        Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may bring a motion

16    to dismiss asserting a "lack of subject matter jurisdiction." Fed.R.Civ.P. 12(b)(1). When

17    subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of

18    proving jurisdiction in order to survive the defendant's motion to dismiss. See *Tosco v.*

19    *Comtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000); *Stock West, Inc. v.*

20    *Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "A plaintiff suing in a federal

21    court must show in his pleading, affirmatively and distinctly, the existence of whatever is

22    essential to federal jurisdiction, and, if he does not do so, the court, on having the defect

23    called to its attention or on discovering the same, must dismiss the case… ." *Smith v.*

24    *McCullough*, 270 U.S. 456, 459 (1926).

25        Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may bring a motion

26    to dismiss when it appears beyond doubt that plaintiff can prove no set of facts in support of

27    his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). As

28    described more fully herein, Mr. Weres complaint is defective because it fails to state any

1   facts that entitle him to relief, nor does it properly state any reason why jurisdiction should be

2   placed in this Court.  Accordingly, Mr. Weres' complaint should be dismissed for lack of

3   subject matter jurisdiction, or in the alternative, failure to state a claim upon which relief can

4   be granted.

5   **B.     THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE
        PRESENT LITIGATION.**

6

7         **1.     The Disposition of Marital Property Does Not Fall Within the Scope of
            Federal Subject Matter Jurisdiction.**

8         Although Mr. Weres has framed his complaint as though it relates to patent law, in

9   truth it is a veiled attempt to relitigate a community property dispute.  California community

10  property law is based on a partnership model in which each spouse contributes to and shares

11  in the prosperity of the marriage.  *In re marriage of Brigden*, 80 Cal.App.3d 380, 389 (1978).

12  Each spouse's effort, time, and skill are community assets and any benefit derived therefrom

13  belongs to both.  *In re Marriage of Lopez*, 38 Cal.App.3d 93,105 (1974).  Based on these well

14  established principals, it has been repeatedly decided that patents acquired during marriage

15  are community property.  *See Lorraine v. Lorraine*, 8 Cal.App.2d 687, 701 (1935); *see also In*

16  *re the Marriage of Worth*, 195 Cal.App.3d 768, 773 (1987).  Accordingly, a patent is personal

17  property and issues pertaining to the ownership of patents in the context of dissolution of a

18  marriage are governed by state community property laws in the same manner as any other

19  personal property divided pursuant to a divorce judgment.

20        Mr. Weres relies on 35 U.S.C. § 262 as the purported basis for placing jurisdiction

21  over this litigation in federal court.  This statute, however, does not relate to jurisdiction, but

22  instead describes only the scope of rights vested in the owners of United States Patents.  The

23  statute does not, by itself, place jurisdiction in federal court but is instead only operative once

24  jurisdiction has been conferred by some other means.  Mr. Weres has failed to allege any

25  other means by which this Court may properly exercise subject matter jurisdiction and his

26  complaint must be dismissed.

27        Although not raised by Mr. Weres, there are two statutes that confer jurisdiction upon

28  federal courts in matters pertaining to patents – 28 U.S.C. §§ 1331 and 1338.  Neither of these

1 | statutes is applicable to the present matter.  The subject matter of this litigation centers on the
2 | disposition of a marital property estate and specifically on the ownership of patents and patent
3 | applications that are a part of that estate.  There is no issue in this case pertaining to
4 | infringement or to the validity of the patents at issue, or any other federal question.  Because
5 | of this, Mr. Weres' complaint is outside of the scope of 28 U.S.C. §§ 1331 and 1338.
6 |      In determining the scope of 28 U.S.C. § 1331 the Supreme Court has stated that
7 | "Congress has given the lower federal courts jurisdiction to hear ... only those cases in which
8 | a well-pleaded complaint establishes either that federal law creates the cause of action or that
9 | the plaintiff's right to relief necessarily depends on resolution of a substantial question of
10 | federal law." *Franchise Tax Board of California v. Construction Laborers Vacation Trust*,
11 | 463 U.S. 1, 27, 28 (1983).  Here, Mr. Weres' complaint does not "arise under" any federal
12 | law, nor does it present any issue where Mr. Weres' right to relief is dependent on resolution
13 | of a substantial question of federal law.  Mr. Weres' claims instead represent only allegations
14 | that he somehow has a greater ownership interest than has already been defined by the Napa
15 | Court, and that Ms. Weres has somehow impinged on that alleged interest.  These allegations
16 | relate only to the disposition of the patents as personal property, and present no question
17 | concerning federal law, but rather center on a question of California State community
18 | property laws.
19 |      The case of *Christianson v. Colt Indus. Operating Co.*, 486 U.S. 800 (1988) is
20 | instructive.  In *Christianson* the Supreme Court examined whether the Federal Circuit could
21 | properly take jurisdiction where a patent-law issue was only "obliquely hinted at" in pleadings
22 | were primarily centered on allegations concerning antitrust and interference with contract.  *Id.*
23 | at 806.  Mirroring the language it used in defining the scope of section 1331, and finding that
24 | Christianson's allegations did not fall within the scope of 28 U.S.C. § 1338, the Court
25 | determined that the federal courts have jurisdiction under 28 U.S.C. § 1338 only where the
26 | complaint "establishes either that federal patent law creates a cause of action or that the
27 | plaintiff's right to relief necessarily depends on resolution of a substantial question of federal
28 | patent law."  *Id.* at 809; *see also Postal Instant Press v. Clark*, 741 F.2d 256 (9th Cir. 1984)

Memorandum of Points and Authorities in Support of
Defendant Nancy H. Weres' Motion to Dismiss

1  (The mere existence of a patent does not confer federal jurisdiction over what is essentially a

2  non-patent dispute).

3       Here, like *Christianson* the present case involves a question that is at best only

4  obliquely related to any patent law.  No issue relating to patent validity, inventorship or any

5  other substantive aspect of patent law is involved.  Mr. Weres' claims are based solely on the

6  disposition of community property assets pursuant to state law.  None of the claims found in

7  Mr. Weres' complaint constitute allegations within the scope of section 1338.  Therefore Mr.

8  Weres' claims are no more related to patent laws than they would be had he chosen to dispute

9  the division of any other marital assets.  Accordingly, this case must be dismissed for lack of

10  federal subject matter jurisdiction.

11       **2.**    **Plaintiff Has Not Stated a Cause of Action under 42 U.S.C. Section 1983.**

12       Mr. Weres has also failed to present this Court with a federal question under 42 U.S.C.

13  § 1983 or any other federal statute.  Mr. Weres has failed to identify even a single violation of

14  any of his constitutional or federal statutory rights.  Further, Mr. Weres has provided only

15  naked allegations that Ms. Weres has acted "under color of state law," and has failed to

16  identify any connection between Ms. Weres' attempts to enforce the judgment of the Napa

17  Court and a state action.  Although Mr. Weres alleges that his rights under 35 U.S.C. § 262

18  have been violated by Ms. Weres, this claim is without merit.  Section 262 is only applicable

19  to describe ownership rights between co-inventors.  The issues presented to this Court pertain

20  to community property, therefore section 262 is inapplicable to the present matter.

21  Accordingly, Mr. Weres has failed to allege any federal right that has been violated, and no

22  claim has been stated.

23       **3.**    **Plaintiff's Other "Claims" Are Remedies, Not Causes of Action Amounting to a Federal Question.**

24

25       Mr. Weres also relies on 28 U.S.C. §§ 2201 and 2202 as the basis for this Court to

26  take jurisdiction over the present action.  These statutes are equally ineffective at vesting

27  jurisdiction in this Court, as neither of these statutes describes a proper basis for a federal

28  court to exercise subject matter jurisdiction.

1    Section 2201 states that it applies only "[i]n case of actual controversy within [the

2  court's] jurisdiction." Nothing in this section purports to vest jurisdiction in the federal courts

3  over matters unrelated to any federal question. In fact, the clear language of the statute

4  demonstrates that this section contemplates jurisdiction arising by some other means.

5  Likewise, section 2202 is equally ineffective at vesting jurisdiction in this court, as it only

6  operates to expand on the possible remedies provided under section 2201. Because these

7  statutes are of only a remedial nature and do not operate to confer jurisdiction in federal court,

8  Mr. Weres' case must be dismissed.

9  **C.   ALL OF PLAINTIFF'S CLAIMS ARE PRECLUDED BY THE DOCTRINE OF
   *RES JUSDICATA.***

10

11    Mr. Weres' allegations amount to nothing more than a collateral attack on the

12  judgment of the Napa Court. Because Mr. Weres now seeks to alter the status of the

13  ownership of the patents, he is effectively attacking the Napa Court's judgment which

14  declared Ms. Weres the owner of "an undivided one-half (1/2) interest as tenant-in-common

15  in any and all rights, title and interest that either party is entitled to with respect to" the

16  patents.

17    The doctrine of *res judicata* operates as a bar to litigation in the event that a plaintiff

18  brings a claim in a new lawsuit that was already brought and decided in a previous lawsuit.

19  *Parklane Hosiery Co. v. Shore*. 439 U.S. 322, 326, n.5 (1979). The doctrine precludes

20  relitigation of an action where the parties to each suit are the same; where the previous action

21  resulted in a final judgment, and where the claims in each suit are the same. *Id.*

22    The Napa court issued a final judgment on January 13, 2000, wherein it determined

23  that these exact patents were community property, and therefore divided as a community

24  asset. In the present action, Mr. Weres has alleged that Ms. Weres does not have an

25  ownership interest in the same patents. (Cplt, ¶¶ 7-9.) Because the issue was previously

26  adjudicated, and the parties and claims in each action are identical, *res judicata* bars

27  Mr. Weres' present attempt to relitigate ownership of the patents.

28  ///

6

**III.**

**CONCLUSION**

Based on the foregoing, defendant Nancy Weres respectfully requests that the Court dismiss Mr. Weres' complaint in its entirety under FRCP 12(b)(1) for lack of subject matter jurisdiction, under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted, or alternatively, that the Court dismiss Mr. Weres' complaint in its entirety under the doctrine of res judicata.

DATED: August ___, 2003                    LIVINGSTON & MATTESICH
                                           LAW CORPORATION


                                           By _____
                                              SCOTT M. PLAMONDON
                                              Attorneys for Defendant
                                              Nancy H. Weres

i:\04037-001\pleadings\mot to dismiss 080803p.doc

*Weres v. Weres*
U.S.D.C., N.D. Cal., No. C 03 2738 JCS (ADR)

## DECLARATION OF SERVICE

I am a citizen of the United States, over the age of 18 years, and not a party to or interested in this action. I am an employee of Livingston & Mattesich Law Corporation, and my business address is 1201 K Street, Suite 1100, Sacramento, California 95814-3938. On this day I caused to be served the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NANCY H. WERES' MOTION TO DISMISS**

☒   By placing a true copy, in a sealed envelope, with postage fully prepaid, in the United States Post Office mail at Sacramento, California, addressed as set forth below. I am familiar with this firm's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mail box after the close of the day's business.

☐   By personal delivery of a true copy to the person and at the address set forth below.

☐   By Federal Express Mail to the person and at the address set forth below.

☐   By transmitting a true copy by facsimile to the person and at the facsimile number set forth below.

Oleh Weres, Ph.D.                          Plaintiff, *Pro Se*
Sonoma Research Company
101 South Coombs Street
Suite L
Napa, California 94559
707-252-4620 (telephone)
707-252-8362 (facsimile)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on August ___, 2003, at Sacramento, California.

_____
Sandy Self

i:\04037-001\pleadings\mot to dismiss 080803p.doc

Declaration of Service by Mail